# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CSI, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00196 <br><br><br> <u>JURY TRIAL DEMANDED</u> |

### DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF PREVIOUS MOTIONS

BRESSLER, AMERY & ROSS, P.C.
A Professional Corporation
17 State Street
New York, New York 10004
(212) 425-9300
Attorneys for Defendant Computer Services, Inc.

# **TABLE OF AUTHORITIES**

**Page**

*In re EMC Corp.*,
 501 F. App'x 973 (Fed. Cir. 2013)……………………………………… 2

*In re Horseshoe Entm't*,
 337 F.3d 429 (5th Cir. 2003) ……………………………..………........... 2

*In re Nintendo Co., Ltd.*,
 544 F. App'x 934 (Fed. Cir. 2013) ……………………..………............... 2

*Jenam Tech, LLC v. Google LLC*,
 6:20-cv-00453-ADA (W.D. Tex. March 10, 2021)…………………………... 1

*McDonnell Douglas Corp. v. Polin*,
 429 F.2d 30 (3d Cir. 1970) …..……………………………………...……... 2

*Neodron Ltd. v. Dell Techs.*,
 2019 U.S. Dist. LEXIS 23309(W.D. Tex. Dec. 16, 2019) …………………… 1

*Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*,
 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) ……………. 1

Defendant Computer Services, Inc. ("CSI") respectfully requests a brief stay of all proceedings pending resolution of CSI's Motion to Dismiss or, in the alternative, Transfer Venue to the Western District of Kentucky. As explained in CSI's motion to dismiss or transfer, the complaint lacks sufficient specificity necessary to state a claim, and this case involves a compelling set of facts demonstrating that the Western District of Kentucky is clearly a more convenient forum.

"In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. v. Dell Techs.*, 2019 U.S. Dist. LEXIS 23309, *10 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (citing *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.,* 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (Pitman, J.)). Here, all relevant factors favor the stay.

Plaintiff mCom IP, LLC ("mCom") cannot argue any prejudice due to a stay because it has not really been prosecuting its case with any great speed or urgency. After completely missing its deadline to respond to CSI's motion to dismiss/transfer, mCom simply chose to file on August 9, 2021 a second complaint equally deficient as the first complaint. (D.I. 14).  Although the original complaint in this action was filed on March 2, 2021 (D.I. 1), mCom did not attend to the preparation of the Case Readiness Status Report (CRSR) until the end of September. (D.I. 24). Further, the Proposed Scheduling Order was just recently submitted on October 21, 2021. (D.I. 26).

Further, there is no question that this case is in its infancy since mCom only recently provided its required Infringement Contentions on October 15, 2021. There has been no discovery

in this case. In fact, although mCom had an opportunity to conduct discovery relating to CSI's venue challenge, mCom chose to conduct no discovery whatsoever.

Clearly, mCom has expended very little in the way of resources and effort in this case. However, if this case were to continue—without a stay--CSI will suffer unnecessary hardship from expending significant resources on invalidity contentions, discovery, and claim construction, in a case which will either be dismissed completely or be governed by different rules and procedures if this matter is transferred to another district and judge. A stay will also conserve judicial resources by avoiding the time-intensive tasks of a *Markman* hearing and claim construction order. Accordingly, all factors favor a stay of this action. CSI notes that the timeline of this case is comparable to or shorter than that of *Jenam Tech, LLC v. Google LLC*, 6:20-cv-00453-ADA (W.D. Tex. March 10, 2021), where the original complaint (D.I. 1; June 1, 2020) was followed five months later with a motion to change venue (D.I. 26; August 12, 2020), and nearly eight months later with a motion to stay (D.I. 48; Jan. 22, 2021), which this Court subsequently granted. (March 10, 2021). Here, the motion to transfer venue was filed three months after the original complaint (D.I. 11), and the motion to stay is being filed nine months after the original complaint, and four months after the Amended Complaint (D.I. 14; August 9, 2021).

Moreover, the Federal Circuit has specified that district courts "must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *accord In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (stressing "the importance of addressing motions to transfer at the outset of litigation"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[The] motion [to transfer] should have taken a top priority in the handling of this case by the … District Court."); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30-31 (3d Cir. 1970) (explaining that a "district

2

court should not burden itself with the merits of the action" until a venue challenge is decided). Thus, the pending dismiss or transfer motion should take priority, and CSI respectfully requests a short stay pending a decision on it.

Dated: November 19, 2021

Respectfully submitted,

BRESSLER, AMERY & ROSS, P.C.

*/s/ John Kincade*
John Kincade
Attorney-in-charge
jkincade@bressler.com
3700 Buffalo Speedway, suite 1020
Houston, TX 77098

*/s/ Pierre R. Yanney*
Pierre R. Yanney
Attorney-in-charge, Pro Hac Vice
pyanney@bressler.com
17 State Street
New York, New York  10004
(212) 425-9300

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Defendant, Computer Services, Inc., conferred with counsel for Plaintiff, mCom IP, LLC, in a good-faith effort to resolve the matter presented herein and counsel for Plaintiff stated that it opposed the motion.

*/s/ John Kincade*
John Kincade

*/s/ Pierre R. Yanney*
Pierre R. Yanney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that all counsel of record who are deemed to have consented to electronic service in the above-referenced case are being served this 19th day of November 2021, with a copy of the above-document via the Court's CM/ECF System.

*/s/ John Kincade*
John Kincade

*/s/ Pierre R. Yanney*
Pierre R. Yanney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CSI, INC.,<br><br>    Defendant. | Civil Action No. 6:21-cv-00196<br><br><br><br>JURY TRIAL DEMANDED |

### [PROPOSED] ORDER GRANTING OPPOSED MOTION TO STAY PENDING DISMISSAL OR TRANSFER

Before the Court is CSI's Opposed Motion to Stay Pending Dismissal or Transfer. After consideration of said motion the Court finds that said motion should be GRANTED and that all deadlines are hereby stayed.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2021.

                     _____
                     ALAN D. ALBRIGHT
                     UNITED STATES DISTRICT JUDGE